In the Matter of Jay C. ACKLIN a/k/a Jay Clarence Acklin and Lorraine Acklin a/k/a Lorraine Ruth Acklin, Debtors.

The FIRST NATIONAL BANK OF PENNSYLVANIA, Plaintiff,

v.

Jay C. ACKLIN and Lorraine R. Acklin, Debtors, Guttanik, Inc., Second Mortgagee, William Pineo, Esq., Sub-Trustee, Defendants.

Bankruptcy No. 82–00002.
Adv. No. 82–0007.

United States Bankruptcy Court,
W. D. Pennsylvania.

Feb. 3, 1982.

Robert W. Parker, Jr. and McDonald, Illig, Jones & Britton, Erie, Pa., for The First National Bank of Pennsylvania.

Louis J. Stack and Shafer, Dornhaffer, Swick & Bailey, Meadville, Pa., for debtors.

Mark M. Ristau, Warren, Pa., substituted Trustee.

MEMORANDUM AND ORDER ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY AND COUNTERCLAIM OF DEBTOR-DEFENDANT FOR AVOIDANCE OF JUDICIAL LIENS IMPAIRING THEIR EXEMPTIONS

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

In this action of the plaintiff-mortgagee for abandonment of real estate and relief from automatic stay to permit foreclosure

of its mortgage in the state courts as to which the defendant-debtors asserted a counterclaim based on their homestead and miscellaneous exemption rights under 11 U.S.C. § 522(d)(1) and (5) and 522(f) in their residence property at Legislative Route 20100, R.D. 1, Centerville, Pennsylvania, 16404, it is stipulated by counsel that the automatic stay shall be vacated, that the subject premises have a fair market value of $45,000.00 that the debtors are entitled to exemptions aggregating $15,800.00 in said premises, and that they are subject to the following liens of record in the various offices in the Crawford County Courthouse, Meadville, Pennsylvania:

1. Mortgage of The First National Bank of Pennsylvania recorded July 9, 1978 in Crawford County Mortgage Book 377, page 848 having a balance as of the date the bankruptcy petition was filed, January 5, 1982, of $27,305.56 [Complaint ¶ 7 (a)];

2. Judgment of The First National Bank of Pennsylvania entered October 5, 1978 in the Prothonotary's Office of Crawford County, Pennsylvania at No. 502 September Term, 1978 having a balance as of January 5, 1982 of $4,284.66 [Complaint ¶ 12 (b)];

3. Mortgage of Guttanik, Inc. recorded March 3, 1980 in Crawford County Mortgage Book 391, page 18 having an approximate balance as of January 5, 1982 of $27,804.83 [Complaint ¶ 12 (c)];

4. Judgment of Donald Foltz, et ux, entered July 18, 1980 in the Prothonotary's Office of Crawford County, Pennsylvania at No. 353–A–1980 having an approximate balance as of January 5, 1982 of $3,561.31 (Complaint ¶ 12);

5. Lien of the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Personal Income Tax, entered February 20, 1981 in the Prothonotary's Office of Crawford County, Pennsylvania at No. D.S.B. 1981–167 having an approximate balance of $68.64 (Complaint ¶ 12); and

6. Judgment of The First National Bank of Pennsylvania entered May 14, 1981 in the Prothonotary's Office of Crawford County, Pennsylvania at No. D.S.B. 1981–556 having a balance as of January 5, 1982 of $21,250.67 [Complaint ¶ 7 (c) & (d)].

■ It is our opinion that the debtors' exemption rights in the sum of $15,800.00 should be accorded priority as against all of the above scheduled liens beginning with the judgment or judicial lien listed at Item No. 2 of The First National Bank of Pennsylvania entered October 5, 1978 at No. 502 September Term 1978 in the sum of $4,284.66 and that said liens should be subordinated to said $15,800.00 exemptions with only the first mortgage lien of The First National Bank of Pennsylvania at Item No. 1 being prior thereto.

■ That the lien of the judgment at Item No. 2 and all subsequent liens other than the lien of the secondary mortgage of Guttanik, Inc. at Item No. 3 and the tax lien of the Commonwealth of Pennsylvania at Item No. 5 should be treated as judicial liens subject to avoidance under 11 U.S.C. § 522(f) even though they were entered pursuant to agreements of the debtors in notes or other obligations they executed rather than as judgments obtained in adversary legal proceedings follows from the holding of the United States Court of Appeals for the Third Circuit in the recent case of *Charles E. Ashe and Susan J. Ashe t/a C & S Fuel Service, debtors,* 669 F.2d 105, 1982 that such judgment liens entered under agreements are judicial liens and that the lien avoidance provisions of Section 522(f) of the Bankruptcy Code are constitutional even when applied retroactively to liens obtained prior to the enactment date of said Code, November 6, 1978, such as the judgment of The First National Bank of Pennsylvania at Item No. 2, and that said liens should be subordinated to the debtors' exemption rights rather than avoided by release of the residence premises therefrom appears from our reasoning in the case of *In re Dewyer,* 11 B.R. 551 (Bkrtcy.WD Pa. 1981) in which we held that where there is no value in the subject property in excess of the balances of the unavoidable mortgage liens and the exemption rights there against

the premises should be released, but intimated as we now specifically hold that in cases in which there is a surplus value above such mortgages and exemptions as in the instant situation, the liens subject to avoidance should be subordinated to the exemption rights with the involved property remaining subject thereto.*

■ The third item in the above schedule of liens against the debtors' residence property is a junior mortgage lien of Guttanik, Inc. and the fifth is a statutory lien of the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Personal Income Tax. Neither of these liens are judicial liens per se subject to avoidance in the usual case under the provisions of Section 522(f) of the Code which provides for such relief in respect to judicial liens and non-possessory, non-purchase money security interests in household goods held for personal or family use, implements or tools of the trade and professionally prescribed health aids. Both liens, however, as well as the judgment liens at Item Nos. 4 and 6 are subsequent in dates of entry to that of the antecedent judgment lien of The First National Bank of Pennsylvania at Item No. 2 which was entered October 5, 1978 with only the mortgage of said bank at Item No. 1 being prior thereto, and that said junior mortgage and secondary tax liens at Item Nos. 3 and 5 are treated as judicial liens for purposes of divestiture and distribution of proceeds of sale on execution under the law of Pennsylvania appears from the express provisions of Pa. Act of April 28, 1978, P.L. 202, Section 10(96) entitled, "Judicial Sale as Affecting Lien of Mortgage" at 42 Pa.C.S.A. Section 8152 which provides the following:

"(a) General rule.—Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property except:

"(1) Other mortgages, ground rents and purchase money due the Commonwealth.

"(2) Taxes, municipal claims and assessments, not at the date of the mortgage duly entered as a lien in the office of the clerk of the court of common pleas.

"(3) Taxes, municipal claims and assessments whose lien though afterwards accruing has by law priority given en it. ...."

■ As mortgages and other liens junior to antecedent judgment and other liens except those of other mortgages, taxes not entered as liens, and later accruing taxes and other municipal claims, such as the lien of the second mortgage at Item No. 3 and the tax or statutory lien at Item No. 5 which are subsequent to the judgment lien at Item No. 2, are treated as judicial liens subject to divestiture and pro tanto payment on judicial sales on subsequent liens under the statutory law of the Commonwealth of Pennsylvania, it is our conclusion that they must be similarly treated under the lien avoidance provisions of Section 522(f) of the Bankruptcy Reform Act of 1978. They are not first mortgages saved from divestiture on judicial sales under the above state statute because they are junior to one or more antecedent judgment liens, and as the liens of the judgments at Item Nos. 2 and 4 must be avoided and subordinated as judicial liens under Section 522(f), the effect of such avoidances if the second mortgage and tax liens at Item Nos. 3 and 5 should not also be also avoided would be to promote those liens originally subordinate to the judgment at Item No. 2, (and in the case of the tax lien at Item No. 5 also to the judgment at Item No. 4) to a position of being paramount to said liens, an inequitable and untoward result we do not believe this Court is empowered to effect. Secondary consensual and statutory liens of mortgages and tax claims though not within the ipsis verbis provisions of 11

---

* The premises are valued at $45,000.00, the unavoidable first mortgage lien at Item No. 1 is $27,305.56, and the exemption rights are $15,800.00.

U.S.C. § 522(f) must be treated as judicial liens within the meaning thereof when as here they are subordinate to antecedent judgment or other liens not excepted in the above quoted provisions of the Pennsylvania Judicial Sales Statute and therefore subject to divestiture and pro tanto payment as judicial liens on judicial sales of the property subject thereto under the provisions of said law.

An appropriate Order will be entered vacating the automatic stay and subordinating the referred to liens to the debtors' exemption rights for the reasons above set forth.