**In re Russell BROWN Sarah Brown, Debtors.**

**Russell D. BROWN Sarah H. Brown, Plaintiffs,**

v.

**BENEFICIAL CONSUMER DISCOUNT COMPANY, Defendant.**

**Bankruptcy No. 1–79–00966. Adv. No. 1–81–0503.**

United States Bankruptcy Court, M. D. Pennsylvania.

July 27, 1982.

**34**

John W. Thompson, Jr., Shoemaker, Thompson & Ness, York, Pa., for plaintiffs.

Norman Yoffe, P. C., Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

### RE: DEBTORS' CLAIM OF PREFERENCE

THOMAS WOOD, Bankruptcy Judge.

The debtors seek to recover a voluntary payment that they made to Beneficial Consumer Discount Company (Beneficial) in order to obtain a release of mortgage lien. The facts relevant to the claim are as follows:

1. The debtors filed a voluntary petition in bankruptcy on December 19, 1979, and were granted a discharge on February 27, 1980.

2. Prior to bankruptcy, the debtors borrowed money from Beneficial and executed a mortgage against their residence in favor of Beneficial.

3. The mortgage to Beneficial was subordinate to several judgment liens.

4. The debtors claimed a $15,000 exemption in the mortgaged property in the bankruptcy schedules filed by them.

5. The trustee in the bankruptcy proceeding made a determination that there was no equity in the real estate available for administration after allowance of the debtors' exemption.

6. Thereafter the debtors sold the subject real estate.

7. On the evident assumption that the Beneficial mortgage lien could not be avoided, the debtors paid Beneficial the sum of $3925 to obtain a release of lien at the time of sale.

8. The remaining proceeds of the sale of the debtors' residence were not sufficient to cover the debtors' exemption.

## DISCUSSION

The debtors' complaint raises several issues. With one exception we find them to be without substance. The significant issue is involved in the debtors' claim that it would be inequitable for Beneficial to retain the payment it received, and that the debtors' exemption and right to a fresh start have been impaired in a manner contrary to legislative intent. The debtors emphasize the fact that the prior liens of judgment creditors have been either waived under threat of avoidance or avoided pursuant to Section 522(f) of the Bankruptcy Code. The debtors argue that Beneficial has thus obtained a windfall at their expense.

There is substance to this argument. The Pa. Act of April 28, 1978, P.L. 202, No. 53, section 10(96) entitled "Judicial Sale as Affecting Lien of Mortgage" at 42 Pa.C.S.A. section 8152 provides that a mortgage lien which is subordinate to a judgment lien is subject to divestiture by a judicial sale or other sale. There has been a sale of the subject property. As a consequence the Beneficial lien has been divested. In addition, the debtors have been granted a discharge of their personal liability. Of course, they had a right to make a gratuitous, voluntary payment of the debt, but we do not view their payment as being either gratuitous or voluntary. They believed payment was necessary to accomplish release of a lien. We assume Beneficial demanded payment under an assumption of entitlement.

In light of the unenforceable status of the mortgage held by Beneficial, there was unjust enrichment of Beneficial, an inequitable impairment of the debtors' exemption, and an unacceptable obstruction of their entitlement to a meaningful fresh start.

In the resolution of the issue concerned, we have relied substantially on the decision of Judge William B. Washabaugh, Jr. of the Bankruptcy Court for the Western District

of Pennsylvania, *In the Matter of Acklin*, 17 B.R. 614 (Bkrtcy.W.D.Pa.1982). He ruled that the lien of a Pennsylvania mortgage having a priority status similar to that of the mortgage in this case was voidable as a judicial lien under Bankruptcy Code section 522(f)(1).

The debtors are entitled to reimbursement. An appropriate order will be filed this date.