**Russell D. BROWN and Sarah H. Brown, Plaintiffs/Appellees,**

v.

**BENEFICIAL CONSUMER DISCOUNT COMPANY, Defendant/Appellant.**

**Karl L. RILEY and Ellen M. Riley, Plaintiffs/Appellees,**

v.

**BENEFICIAL CONSUMER DISCOUNT COMPANY, Defendant/Appellant.**

**Civ. A. Nos. 82–1099, 82–1100.**

**Bankruptcy Nos. 79–00966, 81–00597.**

United States District Court, M.D. Pennsylvania.

Nov. 30, 1982.

320

John W. Thompson, Jr., York, Pa., for plaintiffs/appellees.

Joseph F. McDonough, Richard Pearlman, Manion Alder & Cohen, Pittsburgh, Pa., for defendant/appellant.

## MEMORANDUM

### CALDWELL, District Judge.

Before us are two related appeals of Beneficial Consumer Discount Company (Beneficial) from decisions by the United States Bankruptcy Court for the Middle District of Pennsylvania, 22 B.R. 33, 22 B.R. 35. Relying primarily on the rationale of *In re Acklin,* 17 B.R. 614 (Bkrtcy.W.D.Pa.1982), the bankruptcy judge determined in each instance that a Pennsylvania mortgage lien that is subordinate to a judgment lien may be avoided under section 522 of the Bankruptcy Code, 11 U.S.C. § 522, if the mortgage would impair the statutory exemption applicable to a debtor's real property. We have carefully reviewed the position of the parties, as reflected in their well-drafted and comprehensive briefs, and conclude that the decision of the bankruptcy court must be reversed for the reasons discussed hereinafter.

### I. Background

Plaintiffs/appellees are husbands and wives who filed voluntary petitions in bankruptcy pursuant to which they sought to claim the $15,000 exemption ($7,500 for the interest of each debtor) in real property afforded by 11 U.S.C. § 522(d)(1). The Browns owned real estate encumbered by a Beneficial mortgage with a balance of $3,925.00, which mortgage was junior to a judicial lien. They elected to avoid that lien and by the decision of the bankruptcy court were also permitted to recover from Beneficial the aforesaid mortgage balance, which they had paid upon sale of their property.

The Rileys had also encumbered their real estate with a Beneficial mortgage, which was preceded and succeeded by judicial liens. By decision of the bankruptcy court, they were permitted to avoid the judicial liens and the mortgage. As previously indicated, the bankruptcy court relied heavily on *Acklin* in reaching its determination.

### II. The *Acklin* Decision

The *Acklin* case involved debtors whose real estate was subject to two mortgages and several judgments.[1] The bankruptcy judge therein accorded priority to the parties' claimed exemptions aggregating $15,800.00 over all liens except the mortgage that had senior status. First, the court decided that all liens except the mortgages were judicial liens subject to the avoidance provisions of 11 U.S.C. § 522(f), as determined in *In re Ashe,* 669 F.2d 105 (3d Cir.1982). Accordingly, the court followed and expanded its reasoning in *In re Dewyer,* 11 B.R. 551 (Bkrtcy.W.D.Pa.1981) and held that if a surplus value existed above nonavoidable mortgage liens and exemptions, the avoidable liens would be subordinated to the exemption rights with the property remaining subject thereto.

Although recognizing that neither the tax lien nor the junior mortgage would be a

---

1. The order of these items was as follows: mortgage, judgment, second mortgage, judg-   ment, Commonwealth tax lien, judgment.

judicial lien per se, the *Acklin* court determined that each should nevertheless be treated as such because of the provisions of 42 Pa.C.S.A. § 8152. This state statute, enacted in its original form in 1830, is captioned "Judicial sale as affecting lien of mortgage" and essentially provides an exception to the common law rule that judicial sales in Pennsylvania discharge *all* liens against the subject property. Based on its analysis of the statute, the *Acklin* court concluded that because the junior mortgage and the tax lien would be divested by state law in a judicial sale, they must be treated as judicial liens for purposes of the Bankruptcy Code.

### III. Section 522(f) and Junior Mortgages

Section 522(f) of the Bankruptcy Code provides in relevant part that a debtor may avoid a *judicial* lien on the debtor's interest in property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)." Section 101(27) of the Code defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The Notes of the Committee on the Judiciary, Senate Report No. 95–989, 95th Cong. 2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787 indicate that three kinds of mutually exclusive liens are recognized by the Bankruptcy Code: judicial liens, security interests, and statutory liens. *See also* 11 U.S.C. § 101(28).

Of particular relevance to the present matter is the section 101(37) broad definition of "security interest" as a "lien created by an *agreement*" (emphasis supplied). The Senate Report indicates that the term not only encompasses security interests (and the agreements creating them) covered by the Uniform Commercial Code but also includes real property mortgages. It follows that since real property mortgages · are security interests for Bankruptcy Code purposes and are wholly separate

from judicial liens, these mortgages may not be avoided even if they impair a debtor's subsection (b) exemption.[2] No question exists that mortgages are distinguishable from judicial liens under the Bankruptcy Code. The fact that mortgages may be junior and follow the attachment of judicial liens to parcels of real property does not subject those mortgages to avoidance under section 522(f) of the Code, and the Bankruptcy court erred in superimposing the provisions of state law in the administration of these bankrupt estates.

### IV. Conclusion

The result mandated in the present matters can be found, as we have noted, from an examination of the definitions in the Bankruptcy Code and the legislative history surrounding their adoption. Accordingly, the decision of the bankruptcy judge will be reversed and the mortgage liens of Beneficial will be upheld in an accompanying order.

---

**2.** We recognize that certain security interests may also be · avoided under 11 U.S.C. § 522(f)(2), but the real property mortgages in the matter before us are not within those provisions.