**In re George S. BAERWALD and Debra Ann Baerwald, husband and wife, Debtors.**

**Bankruptcy No. 81–02888.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 14, 1983.

Brian C. Engelhardt, Reading, Pa., for debtors.

John T. Wertz, Robesonia, Pa., for Signal.

Mark G. Yoder, Reading, Pa., for American Bank.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 7 case, the question before the Court is whether or not a debtor may, pursuant to Section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1), avoid a mortgage against his real property when the mortgage attached to the subject property subsequent to an avoidable judicial lien. For the reasons hereinafter given, we hold that the junior mortgage may not be avoided because a mortgage cannot be avoided under § 522(f)(1), regardless of its priority relationship with any other liens.[1]

---

1. This opinion constitutes the findings of facts and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

## I. FACTS

Debtor George S. Baerwald (hereinafter "Baerwald") is the sole owner of non-resident real property located at 508 North Tenth Street, Reading, Berks County, Pennsylvania. Per stipulation of the parties, said real property has a fair market value in excess of $15,000.00.

At the time the debtors filed their Chapter 7 bankruptcy petition, there were four liens against the subject property, which attached to the property in the following chronological order:

1. Purchase money mortgage in favor of the American Bank and Trust Company of Pennsylvania (hereinafter "American Bank"), dated August 18, 1976, in the current amount of $6,289.76.

2. Judgment by confession in favor of American Bank, dated March 20, 1979, in the current amount of $5,450.25.

3. Mortgage in favor of Signal Consumer Discount Company (hereinafter "Signal"), dated November 10, 1980, in the current amount of $8,400.00.

4. Judgment by confession in favor of American Bank, dated March 6, 1981, in the current amount of $1,913.46.

All four of the above liens were validly recorded in the Berks County Courthouse on the dates specified above.

## II. PROCEDURAL HISTORY

Baerwald has filed, pursuant to § 522(f)(1)[2], an application to avoid American Bank's two above-listed confessed judgments and Signal's above-listed mortgage. He has not sought to avoid American Bank's above-listed first mortgage. Also, Baerwald has claimed an exemption of $7,900.00 in his real property pursuant to Section 522(d)(5) of the Bankruptcy Code, 11 U.S.C. § 522(d)(5). This Court has already, pursuant to § 522(f)(1), entered an Order avoiding American Bank's two confessed judgments as judicial liens, without opposition from American Bank. However, Signal has objected to Baerwald's attempt to avoid its mortgage, claiming that no mortgage can ever be avoided under § 522(f)(1).

## III. DISCUSSION

Section 522(f)(1) clearly deals only with the avoidance of judicial liens. Section 101(27) of the Bankruptcy Code, 11 U.S.C. § 101(27), defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A mortgage does not fit within this definition and is, therefore, not a judicial lien, as even Baerwald so concedes. Rather, a mortgage is a security interest under the Bankruptcy Code in that it is a lien created by agreement. 11 U.S.C. § 101(37); House Report No. 95–595, 95th Cong. 1st Sess. (1977) 313–14, U.S.Code Cong. & Admin.News 1978, p. 5787. Furthermore, Section 101(28) of the Bankruptcy Code, 11 U.S.C. § 101(28), defines "lien". The legislative history accompanying § 101(28) states that the three types of liens defined in the Code—judicial liens, security interests, and statutory liens—are mutually exclusive. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 312; Senate Report No. 95–989, 95th Cong.2d Sess. (1978) 25.

Baerwald's theory, however, is that, under the circumstances of the present case, Signal's mortgage should be treated as a judicial lien for § 522(f)(1) purposes. His theory is based upon the fact that Signal's mortgage is junior to American Bank's judicial lien of March 20, 1979. Therefore, according to Pennsylvania state law, as embodied in 42 Pa.C.S.A. § 8152,[3] Signal's jun-

---

**2.** Section 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien.
11 U.S.C. § 522(f)(1).

**3.** 42 Pa.C.S.A. § 8152 provides:

ior mortgage would be subject to divestiture upon a judicial sale of the real property in Pennsylvania, as would judicial liens against the property. In further advancement of his theory, the debtor contends that since Signal's junior mortgage and judicial liens would be treated in a like manner pursuant to 42 Pa.C.S.A. § 8152, they should also be treated in a like manner under § 522(f)(1) of the Bankruptcy Code, with Signal's junior mortgage thereby subject to lien avoidance.

Baerwald's theory is based exclusively and squarely upon the reasoning and holding in the case of *In re Acklin,* 17 B.R. 614 (Bkrtcy.W.D.Pa.1982), wherein the Court held that a mortgage junior to one or more judicial liens is to be treated as a judicial lien for purposes of § 522(f)(1) for the reasons we have noted in Baerwald's theory.

We believe, however, that there is a fundamental defect in the reasoning in *Acklin.* The defect is that there is no reason why state law should govern this issue when the issue is directly addressed by the Bankruptcy Code. As we noted *supra,* under the Bankruptcy Code, mortgages and judicial liens are clearly mutually exclusive entities. There is simply no justification, via state law or otherwise, for infringing upon this mutual exclusivity when the Code speaks so clearly on this point. In this regard, see *Brown v. Beneficial Consumer Discount Company,* 25 B.R. 319 (D.C.M.D.Pa.1982),

wherein the District Court reversed a Bankruptcy Court decision which had specifically concurred with *Acklin* on the identical issue. The District Court in *Brown* unequivocally rejected the holding and reasoning in *Acklin.*[4]

Therefore, we conclude that Signal's junior mortgage, not being a judicial lien, cannot be avoided pursuant to § 522(f)(1).

§ 8152. Judicial sale as affecting lien of mortgage.
(a) General rule.—Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property except:
(1) Other mortgages, ground rents and purchase money due the Commonwealth.
(2) Taxes, municipal claims and assessments, not at the date of the mortgage duly entered as a lien in the office of the clerk of the court of common pleas.
(3) Taxes, municipal claims and assessments whose lien though afterwards accruing has by law priority given it.
(b) Property of a decedent, etc.—A judicial sale of the property shall divest the lien of a mortgage to the extent authorized by the court pursuant to the following provisions of

Title 20 (relating to decedents, estates and fiduciaries):
Section 3353 (relating to order of court).
Section 3357 (relating to title of purchaser).
(c) Sale on prior lien.—A judicial or other sale of real estate in proceedings under a prior judgment or a prior ground rent, or in foreclosure of a prior mortgage, shall discharge a mortgage later in lien.
(d) Unseated lands.—Subsection (a) shall not apply to mortgages upon unseated lands or sales of unseated lands for taxes.

4. See also the following cases for the proposition that only judicial liens, and not mortgages, come within the ambit of § 522(f)(1): *In re Ashe,* 669 F.2d 105, 108 (3rd Cir.1982), vacated and remanded on other grounds, —— U.S. ——, 103 S.Ct. 563, 74 L.Ed.2d 927 (1982); *In re Tursi,* 9 B.R. 450, 454 (Bkrtcy.E.D.Pa.1981); *In re Lowell,* 20 B.R. 464, 466 (Bkrtcy.D.Mass. 1982).