**In re Mary E. LOWRY, Debtor.**

**Mary E. LOWRY, Plaintiff,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY, Defendant.**

**Bankruptcy No. 1–82–00541.
Adv. No. 1–82–0605.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 23, 1983.

Lawrence J. Neary, Harrisburg, Pa., for plaintiff.

David O'Leary, Harrisburg, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The issue presented in this case, upon motion of the defendant for judgment on the pleadings, is whether a debtor under the Bankruptcy Code can use 11 U.S.C. § 522(f) to avoid a mortgage on a parcel of real property which is inferior to an avoidable judicial lien. We find that the mortgage is not avoidable under § 522(f).

The facts are as follows. The debtor is the owner of two parcels of real property located in Cumberland County, Pennsylvania. The properties are encumbered by the following interests, listed from highest priority to lowest:

  (1) Mortgage, Cumberland County National Bank, recorded October 15, 1970;

  (2) Mortgage, Farmers Bank and Trust Company of Hummelstown, recorded February 6, 1973;

  (3) Mortgage, Farmers Bank and Trust Company of Hummelstown, recorded June 6, 1975;

  (4) Judgment, C.S. Willis & Sons, entered April 18, 1978;

  (5) Judgment, Tilo Company, Inc., recorded July 24, 1978;

  (6) Judgment, Cumberland County National Bank, recorded June 2, 1978;

  (7) Judgment, Jacqueline Sener, recorded January 11, 1979;

  (8) Mortgage, First Mortgage Company of Pennsylvania, recorded July 20, 1979;

  (9) Judgment, John Bekelja, recorded October 9, 1980;

  (10) Judgment, Commonwealth National Bank, recorded November 9, 1981; and

  (11) Jeffrey Harclerode and Sue Thomlinson, recorded June 2, 1982.

The debtor commenced the instant adversary action against the First Mortgage Company of Pennsylvania for avoidance of its mortgage claiming the mortgage impaired the debtor's exemptions to which she

would otherwise be entitled. During the pendency of this action The First Mortgage Company was succeeded in interest in the property in question by First American Title Insurance Company (American Title) which is currently defending the action. American Title filed a motion for judgment on the pleadings on January 31, 1983, and we hereby resolve that motion.

At issue in this case is the operation of 11 U.S.C. § 522(f)(1). That section states as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; or * * * *

The debtor contends that § 522(f)(1) will allow the Court to avoid a mortgage, when that mortgage is inferior to a judgment lien which has been avoided under that section. In support of her argument she cites *First National Bank of Pennsylvania v. Acklin (In Re Acklin)*, 17 B.R. 614 (Bkrtcy.W.D.Pa. 1982). American Title contends that a mortgage can never be avoided under § 522(f) since the literal language of the section limits its application to judicial liens.

It is true that the language of § 522(f)(1) appears to limit the applicability of the section to judicial liens. The Bankruptcy Code defines judicial liens as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). Also relevant to our discussion are the Bankruptcy Code's definitions of a security interest and a statutory lien. A security interest is defined as a "lien created by an agreement," 11 U.S.C. § 101(37), while a statutory lien is defined as follows:

> (38) "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a

statute and whether or not such interest is made fully effective by statute.

11 U.S.C. § 101(38). Each of these three terms has been construed as being mutually exclusive of the other two as indicated by the legislative history. "In general, the concept of lien is divided into three kinds of liens: judicial liens, security interests, and statutory liens. Those three categories are mutually exclusive and are exhaustive except for certain common law liens." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 312 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 25 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5811. See also *In Re Galbraith*, 15 B.R. 549 (Bkrtcy.E.D.Pa. 1981).

Since a mortgage is a security interest created by agreement, and since it is apparent that a mortgage does not fit the Bankruptcy Code's definition of a judicial lien, it is obvious that the literal language of § 522(f)(1), allowing for the avoidance of judicial liens, does not provide for the avoidance of a mortgage. Notwithstanding this construction of the statute, the debtor contends a mortgage can be avoided under § 522(f)(1) when the mortgage is inferior to a judgment lien which has been avoided under that section. In support of this she cites *In Re Acklin, supra.* The court held that § 522(f) could be used to avoid a mortgage when applicable state law authorized divestiture of the mortgage upon a judicial sale of the property if the sale would extinguish a judgment lien superior in right to the mortgage.

The debtor's contentions are undercut by *Brown v. Beneficial Consumer Discount Company (In Re Brown and In Re Riley)*, 25 B.R. 319 (M.D.Pa.1982) reversing *Riley v. Beneficial Consumer Discount Company (In Re Riley)*, 22 B.R. 35 (Bkrtcy.M.D.Pa.1982). The bankruptcy court "(r)elying primarily on the rationale of *In Re Acklin*," held that a mortgage lien that is subordinate to a judgment lien may be avoided under § 522(f)(1) if the mortgage would impair the statutory exemptions applicable to a debtor's real property. On appeal the district court reversed on the grounds that the

language of § 522(f)(1) was limited to judicial liens. In *Brown* the district court held that § 522(f)(1) was limited to the avoidance of judicial liens. We find the reasoning in *Brown* much more compelling than that of *Acklin* or *Riley;* the literal language of the statute does not authorize the avoidance of a mortgage under § 522(f)(1). Furthermore, since *Brown* is a decision of the district court of our district, we are bound to follow it.

We note in closing that the parties did not discuss the applicability of 11 U.S.C. § 506(a) to the facts at bar. Section 506 authorizes in bankruptcy a determination of the amount of a secured claim of a creditor.

Since no material facts necessary to the resolution of this action are in dispute, we will grant the defendant's motion for judgment on the pleadings.