Robert C. Nowalis, Wilkes-Barre, Pa., for plaintiffs.

Charles A. Shaffer, Wilkes-Barre, Pa., for defendant.

**In re William M. SIMONSON i/t/a Simonson's Sporting Goods, and Maureen P. Simonson, his wife, Debtors.**

**William M. SIMONSON and Maureen P. Simonson, Plaintiffs,**

**v.**

**FIRST BANK OF GREATER PITTSTON, Defendant.**

**Civ. No. 83–0030.**

United States District Court, M.D. Pennsylvania.

March 15, 1984.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

On August 4, 1981, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 et seq.) and brought an adversary proceeding to avoid two judicial liens pursuant to 11 U.S.C. § 522(f)(1).[1] Both judicial liens were filed in Luzerne County in favor of the defendant: one in the face amount of $15,000 (filed to No. 1964 of 1979) and the second in the face amount of $12,000 (filed

---

1. The statute provides:
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien
11 U.S.C. § 522.

to No. 1416 of 1980). The debtors allege that the liens of the defendant, unless avoided, impair an exemption in the debtors' real property to which they would otherwise be entitled. An answer to the complaint was filed by the defendant, in which the Bank contended the liens do not impair an exemption since the property has no value beyond the amount due and owing on the valid enforceable liens against the property. The real property is encumbered as follows:

| | | |
|---|---|---|
| Mortgage | 5/3/74 | $25,145.96 |
| Judgment | | |
| No. 1964 of 1979 | 3/5/79 | 13,361.33 |
| Judgment | | |
| No. 1416 BI of 1980 | 6/9/80 | 1,050.00 |
| Second Mortgage | 1/12/81 | 41,314.84 |
| TOTAL | | $80,872.12 |

The parties have stipulated the value of the debtors' residence is less than the payoff figure for the liens filed of record against the property, *i.e.*, $80,872.12. It appears that the property has now been sold for $58,250 and by agreement of the parties, the amount of the debtors' claim is in an escrow account pending disposition of this litigation. In addition, the Small Business Administration (S.B.A.) had guaranteed 90% of the second mortgage loan made through the First Bank of Greater Pittston and, therefore, has filed a brief on this appeal as the real party in interest.

In a decision of the bankruptcy court, Judge Thomas Gibbons determined that under § 522(f)(1), the unsecured judicial liens may be avoided to the extent that each impairs the exemption in real property claimed by the debtors. This finding is unchallenged in this proceeding. The court further held that the debtors may not preserve the lien position of the avoided judicial liens for their benefit, that is, the debtors may not fill the shoes of the judicial lienholders to the detriment of the second mortgagee. In so holding, the bankruptcy court relied on *In re Boteler*, 5 B.R. 408 (S.D.Ala.1980) and noted that the general rule is that the debtors' exemptions in mortgaged property come out of the debtors' equity. A Report to the court by Magistrate Raymond J. Durkin recommends we adopt the decision of the bankruptcy court as he feels only if there is equity remaining should the debtors be able to exercise their exemptions.

After carefully and independently reviewing the record in this case, including plaintiffs' objections, the court will adopt Magistrate Durkin's recommendation.

The only issue being contested after the bankruptcy court opinion is whether the plaintiff-debtors may preserve the lien position of the avoided judicial liens for the benefit of the debtors. Here, the property is encumbered by two mortgages totaling $66,460.79, and two intervening judicial liens which were found to be avoidable by the Bankruptcy Judge under § 522(f). The debtors contend that they may preserve the lien position of the two judgments, resulting in the entire exemption being claimed from the property before payment of the second mortgage. There is no cited authority which would require such a conclusion.

In order to properly analyze this case, we must consider the legislative history of the applicable code sections. The history of Section 541 provides that at "[t]he commencement of a bankruptcy case" an "estate" is created "comprised of all legal or equitable interests of the debtor in property, wherever located...." *See* House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–68; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 82–83, U.S.Code Cong. & Admin.News 1978, 5787, 5868, 6323. This section "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case .... After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. Sec. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate." *Id.* Section 522(f) is the statutory authority which enables the debtor to protect his "fresh start" by avoiding certain liens on exempt property, *i.e.*, on a judicial lien or a nonpurchase-money security interest in certain household and personal

goods. The legislative history again aids in interpreting congressional intent by stating that "[p]roperty may be exempt even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purposes of exemption.... This follows the current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien." *See* House Report, *supra*, at 360–61; U.S.Code, *supra*, at 6316.

Thus, while the debtor is given the right to an exemption, that right is not without limitation. It appears from a careful review of the legislative history that Congress never envisioned a situation as it exists in the case *sub judice* —a second mortgage subsequent to a judicial lien. Instead, it seems that Congress likely considered the more common situation in enacting Section 522(f)(1), *i.e.*, that the judicial lien would be the last encumbrance on the property. The purpose of § 522(f)(1), from the House Report, is to "undo the actions of creditors that bring legal actions against the debtor shortly before bankruptcy." Section 522(f) was intended to eliminate this unfair advantage of creditors and provide relief for an overburdened debtor. *See* House Report, *supra*, at 126–27; U.S. Code, *supra*, at 6087–88. Nowhere in the Act or the legislative history, however, is there any indication that a debtor should be permitted to jump ahead of a junior mortgage, when even without the judicial liens the property is wholly encumbered.

The debtors, in addition to the cases discussed in the Magistrate's Report, argue Section 522(i) supports their view that they should be permitted to take the position of judicial lienors. The historical notes to section 522(i) explain "that the debtor may exempt property under the avoiding subsections (f) and (h) only to the extent he has exempted less property than allowed under subsection (b)." Subsection (b) permits a

debtor his exemptions but, as stated earlier, only the unencumbered portion of the property is to be counted in computing the value of the property for the purposes of exemption. Therefore, in the case *sub judice*, since the debtors' property is fully encumbered even without the judicial liens, the debtors may not preserve the judicial liens for their own benefit. This result appears most logical, especially in light of the unusual circumstances existing with such a large second mortgage subsequent to the judicial liens. Nowhere in the code or legislative history is there any indication Congress intended the debtors to get a windfall at the expense of a second mortgagee.[2] Therefore, the court will affirm the decision of the Bankruptcy Court.

An appropriate Order will enter.

---

**2.** The debtors argue, in the alternative, that if they are not entitled to assume the position of the judicial lienors, the position should be preserved for the benefit of the estate pursuant to

§ 551: Automatic Preservation of Avoided Transfer. This issue is not before the court at this time and need not be addressed. Moreover, the estate is not a party to this action.