**In re Joseph MANCUSO and Shirley J. Mancuso, Debtors.**

**Bankruptcy No. 1–83–00069.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 10, 1985.

John W. Thompson, Jr., York, Pa., for debtor.

Lawrence V. Young, York, Pa., Trustee.

## MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

The matter before this court for determination is the distribution of the proceeds from the sale of the debtors' residence located at 1015 Detwiler Drive, Manchester Township, York County, Pennsylvania. The property was sold free and clear of all liens pursuant to a Court order dated August 13, 1984. The order provided in Part: "At settlement the first mortgage of York Federal Savings and Loan is to be paid. The balance after costs of sale to be placed in an interest bearing escrow account until the court determines the order of priority of the various lien holders."

At the time of settlement the property was subject to the following liens:

1. 10/28/71 MORTGAGE—York Federal Savings and Loan Association, Book 33–Y, Page 309, original principal amount $42,000, approximate current amount $30,000.

2. 7/13/78 JUDGMENT—York Bank and Trust Company, No. 78 N 4837, original principal amount $35,000, approximate current amount $43,500.

3. 10/16/78 MORTGAGE—In favor of Chester Brandt, Book 44–E, Page 915, approximate current amount $19,130.00.

4. 4/19/79 JUDGMENT—Chester Brandt, No. 79 N 2716, approximate current amount $31,000.

5. 11/13/79 JUDGMENT—York Bank and Trust Company, No. 79 N 8093, original principal amount $13,500, current approximate amount $17,500.

6. 3/19/81 MORTGAGE—Triangle Consumer Discount, Book 47–D, Page 58, original amount $43,723.

7. 3/31/81 MORTGAGE—Triangle Consumer Discount, Book 47–F, Page 956, original principal amount $43,509.

8. 2/11/82 JUDGMENT—Triangle Consumer Discount, No. 82 N 642, approximate current amount $28,922. (NOTE: This judgment is additional security for the debt evidenced by the aforementioned mortgage filed at 47–D, Page 58.)

9. 2/11/82 JUDGMENT—Triangle Consumer Discount, No. 82 N 643, approximate current amount $28,782. (NOTE: This judgment serves as additional security for debt as evidence by mortgage listed above recorded at 47–F, Page 956.)

10. 11/23/82 JUDGMENT—Elizabeth Cody, No. 82 N 4786, approximate current amount $35,000.

The sales price was $110,000 and after payment of costs of sale and the first mortgage of York Federal Savings and Loan,

the debtors' counsel placed the balance of $68,858.53 [1] into an interest bearing escrow account. Under the laws of the Commonwealth of Pennsylvania the liens would be paid according to the time of entry or recording with the oldest being paid in full first then the next oldest and so on until the proceeds are exhausted. In this particular case the $68,858.53 would be distributed as follows:

| JUDGMENT | York Bank and Trust | $43,500 |
| MORTGAGE | Chester Brandt | 19,130 |
| JUDGMENT | Chester Brandt | 6,228.53 |

The debtors have filed motions to avoid the judgment liens of York Bank and Trust Company and Chester Brandt to the extent that those liens impair the debtors' exemptions which were taken in the real estate in the amount of $15,800. No answers were filed to these motions and the debtors have taken default judgments avoiding these liens to the extent they impair their exemption.

The issue before the Court is what effect the lien avoidance has on the distribution of the $68,858.53.

Triangle Consumer Discount Company (Triangle) argues that the avoidance of judicial liens results in non-judicial liens being paid before either the exemptions or judicial liens. Its contention is that by the debtors obtaining an order avoiding the judicial liens of York Bank and Trust Company and Chester Brandt to the extent that these liens impaired their exemption Triangle's mortgage is moved in priority for payment over the three judgments which total $88,000 and are in front of Triangle. According to Triangle the payment should be made on all mortgages first as follows: [2]

| Mortgage | Chester Brandt | 19,130.00 |
| Mortgage | Triangle | 49,728.53 |

To say that Triangle's position results in a drastic change in the distribution contemplated by Pennsylvania Law is an understatement. As authority for its position Triangle cites the cases of *Brown v. Beneficial Consumer Discount Company,* 25 B.R., 319 (Bankr.M.D.Pa.1982); and *In re Baerwald,* 27 B.R. 142 (Bankr.E.D.Pa. 1983).

The *Brown* case was a case in which the District Court reversed the Bankruptcy Court which had held that a mortgage that followed a judgment lien could be avoided under § 522(f)(1) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1). The Bankruptcy Judge had relied on the case of *In the Matter of Acklin,* 17 B.R. 614 (Bankr.W.D. Pa.1982). [3] The basis of the holding in the *Acklin* case, was that under Pennsylvania law a mortgage that followed a judgment is treated as a judicial lien for purposes of divestiture and distribution of proceeds of sale on execution (*see* Act of April 28, 1978, P.L. 202, Section 10(96); 42 Pa.C.S.A. § 8152).

The District Court in deciding the *Brown* case rejected the reasoning of the *Acklin* case.

## SECTION 522(f) AND JUNIOR MORTGAGES

Section 522(f) of the Bankruptcy Code provides in relevant part that a debtor may avoid a judicial lien on the debtor's interest in property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)." Section 101(27) of the Code defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The Notes of the Com-

---

**1.** This figure is incorrect as it does not take into consideration a downpayment which was made. However, for purposes of this decision it is not necessary to ascertain the exact amount available for creditors and the court will use the $68,858.53 to explain its interpretation of the case of *Brown v. Beneficial Consumer Discount Company,* 25 B.R. 319 (Bankr.M.D.Pa.1982).

**2.** The total due on the two Triangle mortgages dated March 19 and 31, 1981 as supplied in Triangle's brief is $62,000. This figure represents the available funds after payment of the Brandt mortgage.

**3.** *See In re Brown,* 22 B.R. 33 (Bankr.M.D.Pa. 1982), and *In re Riley,* 22 B.R. 35 (Bankr.M.D. Pa.1982).

mittee on the Judiciary, Senate Report No. 95–989, 95th Cong.2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787 indicate that three kinds of mutually exclusive liens are recognized by the Bankruptcy Code; judicial liens, security interests, and statutory liens. *See also,* 11 U.S.C. § 101(28).

■■ Of particular relevance to the present matter is the section 101(37) broad definition of "security interest" as a "lien created by an *agreement*" (emphasis supplied). The Senate Report indicates that the term not only encompasses security interests (and the agreements creating them) covered by the Uniform Commercial Code but also includes real property mortgages. It follows that since real property mortgages are security interests for Bankruptcy Code purposes and are wholly separate from judicial liens, these mortgages may not be avoided even if they impair a debtor's subsection (b) exemption. No question exists that mortgages are distinguishable from judicial liens under the Bankruptcy Code. The fact that mortgages may be junior and follow the attachment of judicial liens to parcels of real property does not subject those mortgages to avoidance under section 522(f) of the Code, and the Bankruptcy Court erred in superimposing the provisions of state law in the administration of these bankrupt estates.

25 B.R. at p. 321.

In the case of *In re Baerwald,* Judge Twardowski followed the *Brown* decision:

We believe, however, that there is a fundamental defect in the reasoning in *Acklin.* The defect is that there is no reason why state law should govern this issue when the issue is directly addressed by the Bankruptcy Code. As we noted *supra,* under the Bankruptcy Code, mortgages and judicial liens are clearly mutually exclusive entities. There is simply no justification, via state law or otherwise, for infringing upon this mutual exclusivity when the Code speaks so clearly on this point. In this regard, *see Brown v. Beneficial Consumer Discount Company,* 25 B.R. 319 (D.C.M.D.

Pa.1982), wherein the District Court reversed a Bankruptcy Court decision which had specifically concurred with *Acklin* on the identical issue. The District Court in *Brown* unequivocally rejected the holding and reasoning in *Acklin.*

27 B.R. at 144.

Triangle is correct that these two cases hold that a mortgage is not avoidable by a debtor under 522(f)(1). This court is of course bound by the *Brown* case which was decided by the Honorable William W. Caldwell of the Middle District Court of Pennsylvania. However, this court does not think that the Triangle interpretation of the *Brown* decision is correct.

I think the *Brown* case simply holds that if the proceeds of a sale are sufficient to pay a mortgage or a part of a mortgage which follows a judgment, that payment cannot be reduced by the debtor exercising his right of lien avoidance under § 522(f)(1). It does not prohibit a debtor from obtaining his exemption from a judgment that is in front of a mortgage. Nor does it preclude the payment of the balance of that judgment if it exceeds the exemption.

In the present case I interpret the *Brown* case as requiring the following distribution of the $68,858.53:

| | |
|---|---|
| Exemption—Debtors | $15,800 |
| Judgment—York Bank and Trust Company | 33,928.83 |
| Mortgage—Chester Brandt | 19,130 |
| Judgment—Chester Brandt | 0 |
| All other lien creditors | 0 |

In arriving at the above figures the court first established the following priority:

| | |
|---|---|
| Exemption—Debtors | 15,800 |
| Balance of York Bank and Trust Company | 27,700 |
| Mortgage—Chester Brandt | 19,130 |
| Judgment—Chester Brandt | 6,228.53 |

Since it would be unfair to pay the judgment of Chester Brandt until York Bank and Trust Company is paid in full the $6,228.53 is paid to York Bank. The above

procedure makes sure that the only amount paid to judgment lien holders in front of the mortgage is the amount of the judgment lien and the fact that some is paid to the debtor and some to the judgment lienholder has absolutely no adverse affect on the priority of the mortgagee. The Mortgagee gets exactly the same distribution he would get outside of Bankruptcy. The *Brown* decision is not to be interpreted to give a mortgagee more money than he would have obtained through regular distribution because a debtor exercised his right of lien avoidance.