OPINION OF THE COURT
GIBBONS, Circuit Judge.
William M. and Maureen P. Simonson, debtors, appeal from an order of the district court, affirming a bankruptcy judge’s decision denying them relief from the lien of certain judgments pursuant to 11 U.S.C. § 522(f) (1982). 44 B.R. 269. The Simon-sons are debtors under Chapter 7 of the Bankruptcy Code, who in adversary proceedings against First Bank of Greater *105 Pittston, sought to have its judgment liens against their residence in Luzerne County, Pennsylvania set aside because the liens impaired their exemption under section 522(b) of the Code. 11 U.S.C. § 522(b) (1982). The bankruptcy court denied that relief and the district court affirmed. We, too, affirm.
When the Simonsons filed their Chapter 7 petition their residence was encumbered as follows:

LIEN DATE FILED AMOUNT

(1) First Mortgage, First Bank of Greater Pittston 5/3/74 $25,145.95
(2) Judgment No. 1964 First Bank of Greater Pittston 3/5/79 $13,361.33
(3) Judgment No. 1416 First Bank of Greater Pittston 6/9/80 $ 1,050.00
(4) Second Mortgage First Bank of Greater Pittston[1] 1/12/81 $41,314.84
Total encumbrances $80,872.12
Because 11 U.S.C. § 522(d)(1) provides that each debtor may exempt “[t]he ... aggregate interest not to exceed $7,500 in value, in real ... property that the debtor ... uses as a residence,” the Simonsons sought to exempt their residence to the extent of $15,000. The parties stipulated that the fair market value of the house was less than $80,872.12. They also agreed that it should be sold for $58,250.00 and the proceeds distributed to the interested parties.
The Simonsons contend that $25,145.95 should go to the first mortgagee, and the next $14,411.33 to them, leaving the balance of the $58,250.00, less interest, for the second mortgagee. Their theory is that under 11 U.S.C. § 522(f)(1) judicial liens may be set aside to the extent that they impair exemptions, and that under 11 U.S.C. § 522(i)(2) “a transfer avoided under ... subsection (f) ... of this section [522] ... may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.” Read together, according to the Simonsons, section 522(f)(1) and section 522(i)(2) produce the result that they may “avoid the fixing” of the two judgment liens, totalling $14,411.33, on their residence, but “preserve” those liens so that their $15,000 exemption becomes, to the extent of $14,411.33, a lien superior to the second mortgage.
The bankruptcy judge rejected this contention, reasoning that while the two judgment liens could be avoided under section 522(f), the priority position of those liens could not be preserved so as to give the Simonsons’ exemptions priority over the second mortgage. We also reject the Simonsons’ contention,- but approach the problem somewhat differently.
Section 522(f)(1) permits avoidance of judicial liens, which are by nature non-consensual. Section 522(f)(2) permits avoidance of nonpossessory, nonpurchasemoney security interests on designated personal property. In either case the debtor may avoid “the fixing of a lien on an interest of the debtor in property____” The section does not define “interest of the debtor in property.” We think, however, that “an interest of the debtor in property” was intended to mean an interest of the debtor measured by taking into account those interests of other parties which may not be avoided under section 522(f).
In this case two interests, a first and a second mortgage, totalled $66,460.79. The sale of the property produced $58,-250.00. Thus the debtor had no interest in the property to which an exemption could attach. Had the property produced at sale proceeds in excess of the consensual liens, which are not subject to avoidance under section 522(f)(1) or (2), the debtor would have had an exemptible interest in the excess, behind the liens of the first and second mortgages, and would have been entitled to avoid the judgment liens so as to preserve that interest for application of the *106 exemption. We have found no indication in the legislative history of section 522 suggesting that Congress intended it to be a means of creating equity, which did not otherwise exist, in property for the benefit of a debtor. Absent such equity, the problem of lien avoidance under section 522(f) simply does not arise.
The Simonsons urge that section 522(i)(2) requires a different result. That opaque subsection reads:
Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.
11 U.S.C. § 522(i)(2) (emphasis supplied). The cross reference to section 551, is to that section which preserves, for the benefit of the estate, property recovered by a trustee as voidable transfers. Thus the basic purpose of section 522(i)(2) is to make such property available to the debtor as well as the estate, but only as expressly provided; that is, “to the extent that the debtor may exempt such property under subsection (g) [of section 522] or paragraph 1 of [section 522(i) ].”
Subsection 522(g) permits exemption of property recovered by the trustee under principles of equitable subordination (section 510(c)), pursuant to turnover orders (sections 542, 543), as voidable transfers (sections 550, 551), or as voidable set-offs (section 553). The exemption is permitted, however, only “to the extent that the debtor could have exempted such property ... if such property had not been transferred.” 11 U.S.C. § 522(g). Thus section 522(g) adds nothing to the debtors’ substantive position vis-a-vis holders of non-avoidable liens. If the property is brought into the estate by virtue of the trustee’s avoidance powers, it is available for exemption, but only to the same extent as if there had been no transfer. If there had been no transfer, the debtor’s exemption would apply to equity in property after taking into account valid encumbrances not set aside.
Paragraph (1) of subsection 522(i) is no more helpful to the Simonsons. It provides that if a debtor avoids a transfer under subsection (f) of section 522, he may resort to section 550 to recover possession of the property from transferees, “the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) ... ” As with subsection 522(g), this provision merely permits the debtor to apply the exemption to recovered property. It does not enlarge his substantive authority to set aside otherwise non-avoidable liens.
In this case, taking into account unquestionably valid first and second mortgages not subject to avoidance under section 522(f) or otherwise, the Simonsons had no equity in their residence. Thus there was no interest of the debtors which could be impaired by the two judgment liens held by the First Bank of Greater Pittston. Those liens should simply have been left in place. In this instance, because the Small Business Administration is an assignee from First Bank of Greater Pittston of the subsequent second mortgage, and the bank has not appealed, the bankruptcy court’s ruling that those liens could be avoided has had no practical consequence here. The court’s ultimate decision that the Small Business Administration should receive the proceeds from sale of the residence after payment of the first mortgage was correct.
The judgment appealed from will, therefore, be affirmed.

. The second mortgage is guaranteed by the Small Business Administration, which has paid the bank and taken an assignment. The Small Business Administration is the actual appellee.