James H. English, Altoona, Pa., for debtors/plaintiffs.

Paul S. Foreman, Altoona, Pa., for Pennsylvania Cent. Federal Credit Union.

**In the Matter of Janice E. MARTZ, formerly t/d/b/a Knotty Pine Inn, and Ronald L. Martz, her husband, Debtors, Plaintiffs,**

**v.**

**PENNSYLVANIA CENTRAL FEDERAL CREDIT UNION, Central Pennsylvania National Bank and Beneficial Finance Consumer Discount Company, Defendants.**

**Bankruptcy No. 81–1601.
Adv. No. 81–1939.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 5, 1986.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The matter presently before the Court is Debtors' Complaint to Avoid Judicial Liens. Pennsylvania Central Federal Credit Union was the only Defendant to have answered the Complaint and default judgments were entered against all other Defendants. Pennsylvania Central Federal Credit Union (hereinafter "Defendant") argues that pursuant to the Pennsylvania Lien Priority Law its lien cannot be avoided. Defendant also argues that because it obtained its lien before the effective date of the Bankruptcy Code, application of the lien avoidance provisions of the Code to Defendant's lien constitutes a taking without due process of law in violation of the Fifth Amendment. *See* 11 U.S.C. § 522(f).

The liens of record against the real estate which are relevant to Defendant's situation are, in order of priority:

1. Mortgage to the United States Department of Agriculture, Farmers Home Administration, recorded November 8, 1974, in Blair County, Mortgage Book Volume 746 at Page 1014.

2. Judgment to Pennsylvania Central Federal Credit Union filed September 27, 1979, to Blair County, Judgment 3121 of 1979.

3. Mortgage to America Finance Discount Company, now known as Security Pacific Discount Company, recorded January 15, 1980, in Blair

**346**

County, Mortgage Book Volume 813 at Page 288.

The parties agree that the two mortgages are not avoidable under the Bankruptcy Code. Defendant argues that to combine the amounts of the mortgages and then compute Debtors' exemption is contrary to the dictates of the Bankruptcy Code. Defendant also argues that since its judgment is second in priority under the Pennsylvania Lien Priority Law, its claim against any fund available for distribution comes before the claim of the second mortgagee.

■ This Court first notes that Defendant has refused to file a brief in support of its position. The Court further notes that Defendant has failed to cite any case law or sections of past or present bankruptcy laws in support of its position. Furthermore, the Court's research leads to the conclusion that Defendant's judgment lien is avoidable under Bankruptcy Code Section 522(f)(1). In *Brown v. Beneficial Consumer Discount Company*, 25 B.R. 319 (M.D.Pa., 1982), the District Court for the Middle District of Pennsylvania reversed a Bankruptcy Court decision which had held that a mortgage following a judgment lien could be avoided under Section 522(f)(1). The Court further found that "the Bankruptcy court erred in superimposing the provisions of state law in the administration of these bankrupt estates." *Id.* at 321. *Accord In re Baerwald*, 27 B.R. 142 (Bankr., E.D.Pa., 1983).

In the case at bar the parties have submitted for this Court's attention the case of *In re Simonson v. First Bank of Greater Pittston*, 758 F.2d 103 (3rd Cir., 1985). In *Simonson*, the Third Circuit rejected Debtors' contention that the priority position of two avoidable judgment liens should have been preserved so that Debtors' exemption became superior to a second mortgage. Accordingly, in the instant case, Defendant's argument that Debtors' exemption should be computed by deducting the pay off due on the first mortgage and then deducting Debtors' exemption leaving an amount for distribution must be rejected.

■ Defendant further argues that under the law as it existed prior to enactment of the Bankruptcy Code, residential real estate of the Debtor was not exempt property and, therefore, judicial liens were not avoidable except under certain circumstances not here applicable. Defendant therefore concludes that a retroactive application of the Bankruptcy Code constitutes an unconstitutional deprivation of its property rights. In the case of *In re Ashe*, 712 F.2d 864 (3d. Cir., 1983), the Third Circuit rejected a similar argument stating that:

[w]hat Congress did in section 522(f)(1) adds nothing of constitutional dimensions, with respect to the avoidance of judicial liens, to what it did in 1898. There is no reason, therefore, to assume that Congress intended that those liens would be affected only prospectively. 712 F.2d at 868.

The Third Circuit further noted that judicial liens have not traditionally been regarded as property interests subject to a taking analysis. *Id.* at 869. On the basis of the foregoing, an Order will be entered avoiding Defendant's lien.